UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER LARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-00564-PLC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner of Operations, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Jennifer Lara (Plaintiff) seeks review of the decision of Defendant Deputy Commissioner of Operations, Social Security Administration, Nancy Berryhill, denying her application for Disability Insurance Benefits under the Social Security Act.[1] Because the Court finds that substantial evidence supports the decision to deny benefits, the Court affirms the denial of Plaintiff's application.

## I. Background and Procedural History

In May 2013, Plaintiff filed an application for a period of disability and Disability Insurance Benefits. (Tr. 149-50). The Social Security Administration (SSA) denied Plaintiff's claims, and she filed a timely request for a hearing before an administrative law judge (ALJ). (Tr. 103-04). The SSA granted Plaintiff's request for review and conducted a hearing on September 30, 2014. (Tr. 35-79). In a decision dated November 10, 2014, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, through April 1, 2013. (Tr. 27).

---

[1] The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9).

1

In her decision, the ALJ applied the five-step evaluation set forth in 20 C.F.R. § 404.1520[2] and found that Plaintiff had the severe impairments of irritable bowel syndrome, gastroesophageal reflux disease, bipolar I disorder, social phobia, and generalized anxiety disorder. (Tr. 17). The ALJ determined that Plaintiff had the residual functional capacity (RFC) to: occasionally lift up to twenty pounds and frequently lift or carry up to ten pounds; stand or walk two hours in an eight-hour workday; sit six hours in an eight-hour workday; perform work that does not require climbing ropes, ladders, or scaffolds or exposure to work hazards; understand, remember, and carry out simple instructions consistent with unskilled work; tolerate only minor, infrequent changes within the workplace; and tolerate occasional contact with co-workers, supervisors, and the general public. (Tr. 21). Finally, the ALJ concluded: "[C]onsidering [Plaintiff's] age, education, and work experience, and residual functional capacity, [Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and is, therefore, "not disabled." (Tr. 21).

Plaintiff requested review of the ALJ's decision with the SSA Appeals Council, which denied review. (Tr. 1-7). Plaintiff has exhausted all administrative remedies, and the ALJ's decision stands as Defendant's final decision. Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## II.  Standard of Review

A court must affirm an ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence 'is less than a preponderance, but enough so that a

---

[2] To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. §§ 404.1520. Those steps require a claimant to show that he or she: (1) is not engaged in substantial gainful activity; (2) has a severe impairment or combination of impairments which significantly limits his or her physical or mental ability to do basic work activities or (3) has an impairment which meets or exceeds one of the impairments listed in 20 C.F.R., Subpart P, Appendix 1; (4) is unable to return to his or her past relevant work; and (5) the impairments prevent him or her from doing any other work. Id.

reasonable mind might find it adequate to support the conclusion.'" Cruze v. Chater, 85 F.3d 1320, 1323 (8th Cir. 1996) (quoting Boerst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). In determining whether the evidence is substantial, a court considers evidence that both supports and detracts from the Commissioner's decision. Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009). However, a court "do[es] not reweigh the evidence presented to the ALJ and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reason and substantial evidence." Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006)).

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011) (quoting Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005)). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010); Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

### III. Discussion

Plaintiff claims that the ALJ erred in failing to include in Plaintiff's RFC assessment a limitation for absenteeism. (ECF No. 18). Defendant counters that the ALJ did not err in failing to include absenteeism in Plaintiff's RFC because the evidence did not support the need for such limitation. (ECF No. 23).

RFC is "the most [a claimant] can still do despite" his or her physical or mental limitations. 20 C.F.R. § 404.1545(a)(1). See also Masterson v. Barnhart, 363 F.3d 731, 737 (8th

3

Cir. 2004). "The ALJ should determine a claimant's RFC based on all relevant evidence including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (quotation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016) (quoting Cox v Astrue, 495 F.3d 614, 619 (8th Cir. 2007)). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." Id. Nor is an ALJ limited to considering medical evidence exclusively when evaluating a claimant's RFC. Cox, 495 F.3d at 619. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

Plaintiff claims that the ALJ erred in failing to incorporate an absenteeism limitation in her RFC because "Plaintiff has to see doctors nearly every month of the year[.]" (ECF No. 18 at 13). Plaintiff points to evidence that, in 2012, she had at least fourteen appointments with medical providers. (Tr. 241, 246-247, 255, 319, 323, 337, 401). In 2013, the year of the alleged onset, Plaintiff treated with medical providers at least twenty times (Tr. 289-297, 319, 323, 344, 346, 363, 369, 415, 417, 419-420, 426, 440, 510, 758-763, 767-789, 819, 838-9, 953, 1018-1028, 1069-1084, 1111-1113, 1148, 1200-1201), and in 2014, Plaintiff visited medical providers at least seventeen times. (Tr. 545, 578, 614-617, 708, 726, 740, 754-757, 857-859, 873, 903-904, 1317-1318, 1365-1366, 1518, 1520, 1532, 1534, 1576, 1617-1618, 1716-1717, 1724, 1729).

A plaintiff bears the burden of proving her limitations. Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). Plaintiff relies on the frequency of her past medical appointments to predict her future absences from work. However, she offered no evidence that this was a reliable

4

predictor of future medical appointments. Indeed, Plaintiff offered no proof as to the number of days that she must miss work due to her illness. See, e.g., Jeffries v. Berryhill, No. 4:16-CV-18 JMB, 2017 WL 365439, at *6 (E.D.Mo. Jan. 25, 2017). Nor did Plaintiff cite evidence in the record to suggest that she could not schedule her medical appointments around her work schedule and/or schedule multiple appointments on the same day. See e.g., Miller v. Berryhill, No. 4:16-CV-1292 JAR, 2017 WL 3642035, at *7 (E.D.Mo. Aug. 24, 2017); Brown v. Astrue, No. 08-4026-CV-C-NKL-SSA, 2008 WL 4151613, *2 (W.D.Mo. Sept. 2, 2008); Ferrara v. Astrue, No. 07-0667-CV-W-NKL-SSA, 2008 WL 2098095, at *4 (W.D.Mo. May 16, 2008). Moreover, the record reflects that Plaintiff's medical appointments did not consume entire days.

Plaintiff also suggests that the vocational expert's testimony that "an individual could miss no more than 7 work days and still maintain employment," demonstrated the need for an absenteeism limitation (ECF No. 18 at 13). "[E]ven if Plaintiff is right at a theoretical level that an employee cannot miss more than seven days of work in a year, Plaintiff did not show that her doctor's appointments require her to miss seven entire days of work per year[.]" Jeffries, 2017 WL 365439, at *7.

In support of her position that the ALJ erred in failing to include absenteeism as a limitation in the RFC, Plaintiff cites Baker v. Apfel, 159 F.3d 1140 (8th Cir. 1998). Baker is inapposite. In that case, the plaintiff, who suffered from migraines, presented evidence that he received sixty Demerol injections over a six-month period. Id. at 1146. Due to side effects of the medication, the plaintiff could not return to the workplace immediately after receiving injections, and his treating physician opined that the plaintiff's impairments would cause him to miss "a great deal of work." Id.

Unlike the plaintiff in <u>Baker</u>, Plaintiff failed to demonstrate that her doctor appointments would interfere with her work schedule or that the treatments received would render her unable to return to work.  The Court therefore finds that the ALJ's decision not to include absenteeism in the RFC is supported by substantial evidence in the record.

### *IV. Conclusion*

For the reasons discussed above, the Court finds that substantial evidence in the record as a whole supports Defendant's decision that Plaintiff is not disabled.  Accordingly,

**IT IS HEREBY ORDERED** that the final decision of Defendant denying Social Security benefits to Plaintiff is **AFFIRMED.**

A separate judgment in accordance with this Memorandum and Order is entered this date.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of April, 2018